The opinion below is signed.  Dated: January 29, 2006.

_S. Martin Teel_
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
MACAJOU SAINT-PREUX,               )     Case No. 05-01486
                                   )     (Chapter 7)
              Debtor.              )

OPINION RE DISMISSING DEBTOR'S
VARIOUS MOTIONS AND OBJECTION TO CLAIM AND
<u>RE DISMISSING NATIONSCREDIT'S CROSS-REQUESTS FOR RELIEF</u>

The court addresses various papers filed by the debtor seeking various relief from this court.  As explained below, this case is of a character that the relief sought will not have an impact on the administration of the estate, and with one minor exception the relief sought does not arise under the Bankruptcy Code (title 11, U.S. Code), such that for the most part the papers must be dismissed.  The papers the debtor filed are:

- "Motion to Change Venue From The Superior Court To The United States Bankruptcy Court and To Consolidate Therein All Matters In Order To Safeguard All Rights Under Bankruptcy Laws And To Discontinue The Occurrence of Legal Errors and Abuse Due To The Dual and Contradictory Use of The Two-Court System" (Docket Entry ("DE") No. 80);

- "Objection to Proof of Claim Filed by Claimant: NationsCredit" (DE No. 83);

- "Motion to Pay Into The Bankruptcy Court or the General Federal District Court's Registry" (DE No. 85); and

- "Urgent Request for Hearing On A Motion To Vacate Ruling of The DC Superior Court Granting NationsCredit's Motion To Enforce Settlement Agreement In Order To Prevent Contempt of Superior Court" (DE No. 86).

This opinion also addresses cross-requests for relief filed by NationsCredit Financial Services Corporation.

I

This is a chapter 7 liquidation case which is not a reorganization chapter, and the chapter 7 trustee has filed a Report of No Distribution, indicating that he "has concluded that there are no assets to administer for the benefit of creditors of this estate."  He has thus signaled that the estate will be abandoned to the debtor at the close of the case by operation of 11 U.S.C. § 554(c).  The matters the debtor has filed will thus have no impact on the administration of the estate.  Further, the matters do not seek to enforce a right of the debtor arising under the Bankruptcy Code (other than re-imposition of the automatic stay which this court has already determined ought to be lifted and which this court remains convinced should remain

lifted). Accordingly, other than with respect to the request to re-impose the automatic stay, this court lacks subject matter jurisdiction over these matters as they do not fall within the grants of jurisdiction set forth in 28 U.S.C. § 1334.

The debtor's challenges to the actions of the Superior Court can be raised in that court or by way of appeal to the Court of Appeals for the District of Columbia. It would be inappropriate for this court to review the actions of the Superior Court for two reasons. First, they have no impact on the administration of this case as explained above. Second, under the Rooker-Feldman doctrine, it would be inappropriate for this court to review the Superior Court's rulings as though this court were an appellate court.[1] The Superior Court's actions were taken only after this court lifted the automatic stay and thus give rise to no claim under the Bankruptcy Code.

---

[1] The Rooker-Feldman doctrine holds that federal courts other than the Supreme Court have no authority to review decisions of state courts. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

II

The requests of NationsCredit Financial Services Corporation (contained in its opposition to DE No. 82) that "[t]he Debtor should be sanctioned for his flagrant effort to manipulate the judicial process" and that "the case should be dismissed with prejudice and a discharge refused" must be dismissed as not in compliance with F.R. Bankr. P. 9011 (requiring that motion for sanctions be filed separately from any other document); F.R. Bankr. P. 2002 (requiring notice of motion for dismissal); and F.R. Bankr. P. 7001 (requiring complaint for denial of discharge).

III

An order follows.

[Signed and dated above.]


Copies to: Mary Zinsner; debtor; chapter 7 trustee.