The Memorandum Decision and Order below is hereby
signed.  Dated: April 12, 2007.



```
                    /s/ S. Martin Teel Jr.
                    _____
                    S. Martin Teel, Jr.
                    United States Bankruptcy Judge
```

```
                  UNITED STATES BANKRUPTCY COURT
                   FOR THE DISTRICT OF COLUMBIA

In re                         )
                              )
MACAJOU SAINT-PREUX,          )   Case No. 05-01486
                              )   (Chapter 7)
          Debtor.             )   Not for Publication in
                              )   West's Bankruptcy Reporter.
```

### MEMORANDUM DECISION AND ORDER
### DISMISSING SECOND REQUEST FOR ENLARGEMENT OF TIME

The debtor has filed a request (Docket Entry ("D.E.") No. 128 filed March 26, 2007) for an enlargement of time "before the record is closed." This appears to be a renewal of an earlier request, denied by the court, which sought "an [e]nlargement of [t]ime for the period of time to close the record after the Honorable Court's Order of Discharge . . . to review the list of dischargeable debts and to certify that they have all been included" (D.E. No. 125, filed March 14, 2007).

The debtor apparently thinks that he may have creditors who were not scheduled, and apparently seeks time to schedule them. Scheduling the creditors now would not result in the clerk issuing any notice to such creditors as the clerk already mailed

out notice of the debtor's discharge, and the debtor bears the responsibility under the local rules of this court of notifying omitted creditors of the case.  To the extent the debtor had creditors who were not scheduled, the debtor may notify those creditors of his discharge even once the case is closed.

Because this was a case in which no bar date was set for filing proofs of claim, and because the time has expired for filing a complaint under 11 U.S.C. § 523(c) to determine that a debt was nondischargeable, the scheduling of a creditor now would add nothing to the impact of the discharge as to that creditor. See 11 U.S.C. § 523(a)(3);  In re Beezley, 994 F.2d 1433, 1434 (9th Cir. 1993) ("After such a case [no asset chapter 7] has been closed, dischargeability is unaffected by scheduling; amendment of Beezley's schedules would thus have been a pointless exercise."); In re Hunter, 116 B.R. 3 (Bankr. D.D.C. 1990) (because no bar date for filing claims was ever set, an otherwise dischargeable debt was not excepted from discharge in a no asset chapter 7 case merely because the creditor was omitted from the debtor's schedules).

Although the debtor may wish to schedule creditors for the potential that the case may be reopened if unscheduled assets are discovered and that in such a reopened case a bar date for filing proofs of claims *will* be set, and unscheduled claims *might* thereby become nondischargeable, the debtor has certified that he

2

scheduled all of his assets.  If that is an accurate certification, then there is only the highly theoretical possibility of the debtor owning an asset of which he was unaware.  I see no reason to impose upon the clerk's office a delay in the closing of this case when there is merely a theoretical possibility of that nature, and when the debtor should have accurately scheduled his creditors long ago.  It is accordingly

    ORDERED that the request (D.E. No. 128 filed March 26, 2007) for an enlargement of time is DENIED.

                              [Signed and dated above.]

Copies to: Debtor; chapter 7 trustee.